UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

-----------------------------------X

PLAYDATE PDX, LLC and
WORLD OF PLAY, LLC,

                Plaintiffs,

against                                    **COMPLAINT**   2:17-cv-04587

                                                                           [JURY TRIAL DEMANDED]

PLAYDATES INDOOR
CAFE AND PLAYGROUND, INC.

                Defendant.

-----------------------------------X

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiffs, Playdate PDX, LLC ("Playdate") and World of Play, LLC ("World of Play") (collectively "Plaintiffs"), by and through their attorneys, King & Schickli, PLLC, for their Complaint against Defendant, Playdates Indoor Café and Playground, Inc. ("Defendant"), allege, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.     This is an action for infringement of Playdate's federally-registered service mark PLAYDATE under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), arising from the Defendant's unauthorized use of the term "Playdates" as mark in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's services.

2.     Plaintiffs seek injunctive and monetary relief.

### JURISDICTION

3.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and/or 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

5. Playdate is an Oregon limited liability company, which has a principal place of business at 1434 NW 17th Ave, Portland, OR 97209.

6. World of Play is a West Virginia limited liability company, and is the exclusive licensee of the federally registered PLAYDATE mark within the State of West Virginia.

7. Upon information and belief, Defendant is a West Virginia corporation that has its principal place of business in Charleston, West Virginia.

## FACTS

A. Playdate and its PLAYDATE Mark

8. Playdate is the owner and operator of an establishment in Portland, Oregon, and uses the PLAYDATE mark in connection with providing entertainment services, as well as food and beverage services.

9. Playdate is the owner of valid and subsisting United States Service Mark Registration No. 4484629 on the Principal Register in the United States Patent and Trademark Office for the PLAYDATE mark (the "Playdate Mark") for "providing food and beverage services." Attached as Exhibit 1 is a true and correct copy of the registration certificate for Playdate's United States Service Mark Registration No. 4489629, which was issued by the United States Patent and Trademark Office on February 18, 2014.

10. Playdate has used the Playdate Mark in commerce continuously since at least as early as October 15, 2012, in connection with the offering for sale, sale, marketing, advertising and promotion of food and beverage services. Attached hereto as Exhibit 2 are representative

samples of advertisements showing Playdate's use of the Playdate Mark in connection with these services.

11. As a result of its widespread, continuous and exclusive use of the Playdate Mark to identify its food and beverage services, and Playdate as their source, Playdate owns valid and subsisting federal statutory and common law rights to the Playdate Mark.

12. The Playdate Mark is distinctive.

13. Playdate has expended substantial time, money, and resources marketing, advertising, and promoting food and beverage services under the Playdate Mark.

14. Playdate, through its authorized licensees, promotes and sells food and beverage services under the Playdate Mark throughout the United States.

15. Playdate maintains a web site advertising food and beverage services under the PLAYDATE mark, which web site is fully accessible to West Virginia residents, including those who search for Defendant's food and beverage services under the Playdates mark.

16. World of Play is a licensee of Playdate for the Playdate Mark in the State of West Virginia, and is presently seeking to open a place of business of offer food and beverage services in the Charleston, West Virginia area, yet is concerned about the likelihood of confusion as a result of Defendant's infringing activities.

17. Playdate has scrupulously and successfully enforced and protected its Playdate Mark against past infringements, and actively policies for unauthorized third party use of the Playdate Mark in connection with food and beverage services.

B. Defendant's Unlawful Activities

18. Upon information and belief, Defendant is engaged in the business of providing entertainment services and food and beverage services.

3

19. Without Playdate's authorization, and upon information and belief, beginning after Playdate acquired protectable exclusive rights in the Playdate Mark, Defendant adopted and began using the Playdates mark (hereinafter, the "Infringing Mark") in U.S. commerce.

20. The Infringing Mark adopted and used by Defendant is nearly identical to and confusingly similar to the Playdate Mark.

21. Upon information and belief, Defendant has been engaged in the advertising, promotion, offering for sale, and sale of food and beverage services using the Infringing Mark in West Virginia. Attached hereto as Exhibit 3 is a true and correct copy of a representative advertisements showing Defendant's use of the Infringing Mark.

22. On June 7, 2017, and upon information and belief, prior to the first actual use of the Infringing Mark by Defendant, Playdate sent a first cease and desist letter to Defendant objecting to Defendant's proposed use of the Infringing Mark. Attached hereto as Exhibit 4 is a true and correct copy of the first cease and desist letter to Defendant.

23. Defendant did not respond to the first cease and desist letter, and instead proceeded with the use of the Infringing Mark sometime after receiving said letter.

24. Playdate send a second cease and desist letter on October 20, 2017. Attached hereto as Exhibit 5 is a true and correct copy of the second cease and desist letter to Defendant.

25. Defendant did not cease use of the Infringing Mark after receiving the second cease and desist letter.

26. Defendant's infringing acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's food and beverage services, and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's food and beverage services originate from, are associated or affiliated with, or otherwise authorized by Plaintiffs.

27. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Playdate's Playdate Mark, cause confusion and deception in the

marketplace, impact Plaintiff World of Play's ability to use the licensed Playdate Mark in the same geographic area without causing confusion, and divert potential sales to the Defendant.

28. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Playdate and to its valuable reputation and goodwill with the consuming public for which Playdate has no adequate remedy at law.

### COUNT ONE (Federal Service Mark Infringement)

29. Plaintiffs repeat and reallege paragraphs 1 through 28 hereof, as if fully set forth herein.

30. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's food and beverage services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendant is in some way affiliated with or sponsored by Plaintiffs. Defendant's conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Playdate's prior rights in the Playdate Mark and with the willful intent to cause confusion and trade on Playdate's goodwill.

32. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiffs, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

33. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**WHEREFORE**, Plaintiffs request judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114 of the Lanham Act.

2. Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise or promote food or beverage services under the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Playdate Mark;

   b. engaging in any activity that infringes Plaintiffs' rights in the Playdate Mark;

   c. engaging in any activity constituting unfair competition with Plaintiffs;

   d. engaging in any activity that is likely to dilute the distinctiveness of Plaintiffs' Playdate Mark;

   e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiffs' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

   f. owning, maintaining, using, registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with Plaintiffs' Playdate Mark, or any services of Plaintiffs, or Plaintiff as their source; and

   h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4. Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any services marketed, advertised, promoted, or

otherwise offered by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiffs or constitute or are connected with Plaintiffs' services.

5. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, web sites, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Playdate Mark.

6. Directing that Defendant recall and deliver up for destruction all advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the Playdate Mark.

7. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiffs' counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8. Awarding Plaintiffs an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9. Directing that Defendant account to and pay over to Plaintiffs all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10. Awarding Plaintiffs punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

11. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiffs their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Awarding Plaintiffs interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

Dated: December 19, 2017               Respectfully submitted,

*Andrew D. Dorisio*
Andrew D. Dorisio, Esq. (WV Bar #7154)
andrew@iplaw1.net
King & Schickli, PLLC
800 Corporate Drive, Suite 200
Lexington, Kentucky 4503
*Attorneys for Plaintiffs*

    /s/    Charles R. Bailey
Charles R. Bailey (WV Bar #0202)
Josef A. Horter (WV Bar # 1790)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia  25337-3710
(304) 345-4222